THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| HENRI L. MORRIS-WILLIAMS, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 5:12-CV-341 (CAR) |
| | : | |
| BUTTS COUNTY DEPARTMENT OF | : | |
| HUMAN RESOURCES, *et al.*, | : | |
| Defendants. | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Henri L. Morris-Williams, proceeding *pro se*, filed this action against the Butts County Department of Human Resources[1] ("Butts County DFCS") and several employees, including Shay Thornton, Henry Woodall, Lynn Tench, Darrell Price, Larisa Price, and Lee Biggar. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), Section 504, 42 U.S.C. § 12101 *et seq*. Currently before the Court is Butts County DFCS's Motion to Dismiss [Doc. 9]. Upon review of applicable law, the Complaint, and the Motion and responses thereto, the Court finds that Plaintiff fails to state a claim for racial discrimination under Title VII and that her ADA Title I claims are

---

[1] Butts County Department of Human Resources is not a legal entity capable of being sued, but is a division of the Georgia Department of Human Services. O.C.G.A. § 49-2-1(a); *Floyd Cnty. Grand Jury v. Dep't of Family & Children Servs.*, 218 Ga. App. 832 (1995). Thus, the Georgia Department of Human Services is the proper party in the instant action.

time-barred. Accordingly, and for the reasons stated below, Butts County DFCS's Motion to Dismiss is **GRANTED**. Because Butts County DFCS did not address Plaintiff's remaining ADA Title II claims, those claims may proceed subject to the Court's directions below.

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[2] To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[5]

Because Plaintiff is proceeding *pro se*, the Court construes her pleadings more liberally than those submitted by a formally-trained attorney.[6] Nevertheless, the Court

---

[2] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).
[4] *Id*.
[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[6] *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

2

is not required to exempt a *pro se* litigant from complying with the relevant rules of procedure and substantive law.[7]

## BACKGROUND

For purposes of this Motion, the Court accepts all factual allegations in the Complaint as true and construes them in the light most favorable to Plaintiff.[8]

According to her Complaint, Plaintiff was employed with Butts County DFCS from September 2004 to March 2010. Plaintiff claims she was subjected to discrimination over the entire course of her employment, though it became worse in 2007. Specifically, Plaintiff states that she was the victim of verbal abuse, forced to travel over 60 miles to file papers, denied requested accommodations for her health, not permitted to work in her hometown of Griffin, and placed in a more difficult position after learning a new job. Shay Thornton, a white female director; Henry Woodall, a white male supervisor; Lynn Tench, a white female supervisor; Durrell Price, a white male manager; Larisa Price, a white female director; and Lee Biggar, a white male regional director, were somehow involved in these events, though Plaintiff does not distinguish their specific, individual actions. Moreover, she does not identify her own race, gender, or disability in the Complaint.

---

[7] *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).
[8] *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008).

In November 2011, more than 180 days after she was terminated by Butts County DFCS in March 2010, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Based on its investigation, the EEOC concluded that the evidence did not establish any violations of the relevant statutes. The EEOC issued a dismissal and notice of right to sue on May 31, 2012. Plaintiff filed suit against the above-named parties on August 22, 2012, alleging discrimination in violation of Title VII and discriminatory conduct with respect to the "ADA and Retaliation." On November 9, 2012, Butts County DFCS filed the instant Motion to Dismiss.

## DISCUSSION

Plaintiff claims she was subjected to adverse employment actions in violation of the ADA and Title VII, and, presumably, in retaliation for engaging in protected activity related to her disability. Thus, she seeks (1) reinstatement of her retirement years and funds, (2) monetary damages for financial, physical, and emotional distress (3) to retire on disability from Butts County DFCS, and (4) for all negative and false performance evaluations, notes, and statements to be removed from her work record. The Court considers each of Plaintiff's claims in turn.

**I. Title VII Claim**

Plaintiff's failure to file a timely charge with the EEOC bars her Title VII claim against Butts County DFCS. To litigate a Title VII claim, a plaintiff must first exhaust her administrative remedies.[9] "The first step down this path is filing a timely charge of discrimination with the EEOC."[10] In a non-deferral state such as Georgia, a charge of discrimination must be filed with the EEOC within 180 days after the date of the alleged discrimination.[11] Failure to file a timely charge with the EEOC bars a plaintiff's claims from federal courts unless this limitation period is otherwise waived, estopped, or tolled.[12]

In this case, Plaintiff alleges she was unlawfully terminated in March 2010 and filed charges with the EEOC in November 2011—at least 580 days later. Stating the obvious, Plaintiff's 180-day limitations period had elapsed. Plaintiff's Complaint does not include any information that would suggest this limitations period was equitably tolled or satisfied by any other filings, such as a verified intake questionnaire.[13] Thus,

---

[9] *Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832, 835 (11th Cir. 2007) (per curiam) (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001)).
[10] *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).
[11] 42 U.S.C. § 2000e-5(e)(1); *Wilkerson*, 270 F.3d at 1317.
[12] *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000); *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 662 (11th Cir. 1993).
[13] *See Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982) (Noting that the filing of a timely EEOC charge is "a requirement that, like a statute of limitation, is subject to waiver, estoppel, and equitable tolling"); *Wilkerson*, 270 F.3d at 1321-22.

Plaintiff's Title VII claim is procedurally barred and must be **DISMISSED** for failure to properly exhaust her administrative remedies.

II. **ADA Claims**

The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V). In this case, Plaintiff's Complaint alleges claims with respect to the "ADA and Retaliation." It is unclear whether her employment discrimination claim is based on Title I or Title II of the ADA. Considering Plaintiff's *pro se* status, the Court interprets her Complaint to assert claims under both Titles I and II of the ADA.

   A. *Claims Against Individual Defendants*

Plaintiff asserts ADA claims against Shay Thornton, Henry Woodall, Lynn Tench, Darrell Price, Larisa Price, and Lee Biggar, each of whom Plaintiff names in their official capacity.[14] The claims against these individuals are indistinguishable from Plaintiff's claims against Butts County DFCS.[15] A suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the official's

---

[14] Where a complaint is unclear as to "whether officials are sued personally, in their official capacity, or both," courts must look to "the course of the proceedings," which will "typically indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *see also Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1512 (11th Cir. 1986). Although the course of proceedings is limited in this case, it is significant that Plaintiff only seeks relief from a State agency rather than any individual defendant. Accordingly, the Court assumes Plaintiff is suing these individuals in their official capacity.

[15] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

office.[16]  As such, it is no different from a suit against the State itself.[17]  Because Butts County DFCS is separately named as a defendant, the Court **DISMISSES** Plaintiff's ADA Title I and Title II claims against the individual defendants as redundant.[18]

### B. Title I Claims

Like her Title VII claim, Plaintiff's ADA employment discrimination and retaliation claims under Title I are time-barred because she failed to file a charge in the 180-day limitations period.[19]  Because these ADA claims are subject to the same administrative requirements as Plaintiff's Title VII claim, the Court incorporates its reasoning in Section I, and Plaintiff's Title I claims are **DISMISSED**.

### C. Title II Claims

Liberally construing Plaintiff's *pro se* Complaint, she also attempts to assert employment discrimination and retaliation claims under ADA Title II.  ADA Title II states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[20]  A "public entity" includes divisions, departments, and agencies of state governments.[21]

---

[16] *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 70 (1989).
[17] *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005).
[18] *See* Fed. R. Civ. P. 12(f).
[19] *See* 42 U.S.C. 2000e-5(e)(1); *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003).
[20] 42 U.S.C. § 12132.
[21] 42 U.S.C. § 12131(1)(A)-(B).

The Eleventh Circuit has applied this provision in the context of public employment, providing an alternative avenue for Plaintiff's discrimination and retaliation claims.[22]

If Plaintiff wishes to maintain this action, however, **she must file an Amended Complaint**, which will supersede her original Complaint, as hereinafter directed.[23] Currently, Plaintiff's Complaint fails to identify (1) her particular disability and (2) what conduct allegedly caused Butts County DFCS to retaliate against her. Accordingly, Plaintiff's Amended Complaint must explain the <u>specific</u> episode(s) of discrimination and retaliation with respect to her employment with Butts County DFCS.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 9]. Thus, Plaintiff's Title VII claim and ADA Title I claims are hereby **DISMISSED**.

Plaintiff's ADA Title II claims may proceed subject to the following directions: Plaintiff is hereby **DIRECTED** to submit an Amended Complaint within **TWENTY-**

---

[22] *See Bledsoe v. Palm Beach Cnty.*, 133 F.3d 816, 820 (11th Cir. 1998); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, (11th Cir. 2003); *see also Swain v. Valdosta City Sch. Dist.*, No. 7:12-CV-146(HL), 2013 WL 486273, at *1 (M.D. Ga. Feb. 6, 2013). Like the Northern District of Georgia, the Court takes issue with the Eleventh Circuit's expansion of Title II to encompass employment-based claims. However, the Court is bound by the prior precedent of this circuit and must permit Plaintiff's alternative claim to proceed. *Accord Clifton v. Ga. Merit System*, 478 F. Supp. 2d 1356, 1363-68 (N.D. Ga. 2007).

[23] *Pro se* litigants should be afforded an opportunity to amend deficiencies prior to dismissal where there is no risk of undue prejudice; there is no evidence of plaintiff's undue delay, bad faith, or dilatory motive; and the amendment may not be futile. *See Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (2001)).

**ONE (21) DAYS** from the date of this Order.  The Amended Complaint must be filed in accordance with this Order.  If Plaintiff fails to comply with this Order in a timely manner, the Court will dismiss this action with prejudice.

Finally, it is hereby **ORDERED** that the stay granted on November 14, 2012, is lifted.

**SO ORDERED**, this 17th day of April, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/ssh