## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **HENRI L. MORRIS-WILLIAMS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **NO. 5:12-CV-341 (CAR)** |
| | : | |
| **BUTTS COUNTY DEPARTMENT** | : | |
| **OF HUMAN RESOURCES,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND

Plaintiff Henri L. Morris-Williams, proceeding *pro se*, filed this action against the Butts County Department of Human Resources[1] ("Butts County DFCS") and several of its employees, including Shay Thornton, Henry Woodall, Lynn Tench, Darrell Price, Larisa Price, and Lee Biggar.  In her original Complaint, Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), Section 504, 42 U.S.C. § 12101 *et seq.*  On April 17, 2013, this Court dismissed Plaintiff's Title VII claim and ADA Title I claim.  However, the Court permitted Plaintiff's remaining ADA Title II claim to proceed and directed her to amend her Complaint in accordance with the Court's decision and explicit instructions.  When Plaintiff failed to amend her Complaint in a timely manner,

---

[1] The Court recognizes Butts County Department of Human Resources is not a legal entity capable of being sued, but a division of the Georgia Department of Human Services.  O.C.G.A. § 49-2-1(a); *Floyd Cnty. Grand Jury v. Dep't of Family & Children Servs.*, 218 Ga. App. 832 (1995).

the Court directed her to show cause why her case should not be dismissed for failure to comply with the Court's Order.

Four days after the show cause deadline passed, Plaintiff filed the instant Motion for Leave to File Amended Pleading with an accompanying Memorandum and Amended Complaint [Doc. 17].  In her Amended Complaint, Plaintiff names the State of Georgia and Governor Nathan Deal as new Defendants to her action and asserts three claims: (1) a Title VII claim on the basis of her "race/color/sex/national origin,"[2] (2) a Title VII sexual harassment claim, and (3) an age discrimination claim pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, including incorporated provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* Plaintiff seeks monetary relief from Defendants, including back pay, $3,000,000 in "general damages," $15,000 "for reasonable attorney fees," the cost of her suit, and "[p]utative [sic] damages."[3]  Notably, Plaintiff does not reallege her ADA Title II claim and has evidently abandoned it.[4]

---

[2] Amended Complaint [Doc. 17 at 2].

[3] *Id.* at 2.  Plaintiff also requests an "injunction" but does not describe what kind of relief she actually seeks.  Based on Plaintiff's allegations, she does not qualify for injunctive relief.  All of Plaintiff's claims and requests for relief are "measured in terms of a monetary loss resulting from a past breach of a legal duty."  *See Summit Med. Assocs. P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999).  This is the functional equivalent of money damages and does not qualify as injunctive relief.  *See, e.g., Burrell v. Teacher's Ret. Sys. of Ala.*, No. 2:08-cv-330-MEF, 2009 WL 113692, at *3 (M.D. Ala. Jan. 16, 2009).

[4] *See, e.g., Dickens v. DeKalb Cnty. Sch. Dist.*, No. 1:08-Cv-1592-WSD, 2009 WL 2410933, at *1 (N.D. Ga. Aug. 4, 2009); *see also Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("[T]he original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary") (quotation omitted).

In opposition, Defendant Butts County DFCS asserts that this case should be dismissed pursuant to Rule 41(b) or, alternatively, Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Having considered the record, relevant legal authority, and the parties' briefs, Plaintiff's Motion for Leave to File Amended Pleading [Doc. 17] is **DENIED** as futile, and her case is **DISMISSED**.

As a preliminary matter, the Court declines to dismiss this case pursuant to Rule 41(b) for Plaintiff's failure to comply with the Court's Orders.   "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."[5]   "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct."[6]   At this point, the Court is not convinced Plaintiff's actions amount to the kind of deliberate misconduct or unreasonable delay that warrants dismissal with prejudice.[7]   Further, Plaintiff has acknowledged her failings and apologized for the same.[8]   Thus, the Court declines to dismiss this case pursuant to Rule 41(b) and considers Plaintiff's Motion on its merits.

When, as in this case, a party's right to amend her complaint has passed, "a party may amend [her] pleadings only by leave of court or by written consent of the adverse party."[9]   Defendants do not consent to Plaintiff's proposed amendment; therefore, the

---

[5] *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

[6] *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

[7] *See Webb v. Phoebe Putney Mem'l Hosp.*, 1:05 CV 124(WLS), 2006 WL 2583365, at *3 (M.D. Ga. Sept. 6, 2006).

[8] Plaintiff's Reply [Doc. 19 at 2].

[9] Fed. R. Civ. P. 15(a).

Court must determine whether to grant her Motion.  As a general rule, courts "should freely give leave [to amend] when justice so requires."[10]  However, a "district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss" under Rule 12(b)(6) of the Federal Rule of Civil Procedure.[11]

Thus, when evaluating Plaintiff's Amended Complaint, the Court must determine whether, "construing the [proposed] complaint in the light most favorable to the plaintiff and accepting as true all facts which the plaintiff alleges," the proposed complaint fails to state a claim upon which relief may be granted.[12]  To that end, the Court may consider any written instrument attached to Plaintiff's Amended Complaint; such attachments become part of the pleading "for all purposes" pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.  The Court may also consider extrinsic documents if (1) they are central to Plaintiff's claims, and (2) their authenticity is not challenged.[13]  For purposes of this Motion, the Court has considered both Plaintiff's Charge of Discrimination and her Intake Questionnaire [Doc. 17-1].[14]  Having reviewed Plaintiff's Amended Complaint and supporting attachments, the Court concludes that it will not survive a motion to dismiss.

---

[10] *Id.*

[11] *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011).

[12] *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005); *see also Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

[13] *SMF Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

[14] *See, e.g., Patterson v. WMW, Inc.*, No. 1:11-CV-3172-WSD-SSC, 2012 WL 3261290, at *4 (N.D. Ga. June 15, 2012) (considering plaintiff's intake questionnaire on defendant's motion to dismiss).

First, Plaintiff's age discrimination claim is barred by the Eleventh Amendment of the United States Constitution.[15]  Absent waiver or express congressional abrogation, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court.[16]  Eleventh Amendment immunity extends to state agencies, departments, officials, and employees when the state is the real party in interest or when state employees are sued in their official capacities.[17]  The Supreme Court has explicitly held that this immunity applies to age discrimination claims under the ADEA.[18]  Thus, the State of Georgia, Governor Nathan Deal, and any individually-named Defendants sued in their official capacities are protected by Eleventh Amendment immunity.[19]  Consequently, Plaintiff's ADEA claim must be **DISMISSED**.[20]

Second, even assuming, *arguendo*, that Plaintiff's ADEA claim is not barred by Eleventh Amendment immunity, both her ADEA claim and two Title VII claims are time-barred.  As the Court explained in its previous Order, a plaintiff must properly

---

[15] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91-92 (2000); *see also Powell v. Florida*, 132 F.3d. 677, 678 (11th Cir. 1998).

[16] *See Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002).

[17] *Regents of the Univ. of Cali. v. Doe*, 519 U.S. 425, 429 (1997); *Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1997).

[18] *Kimel*, 528 U.S. at 91 (holding that the ADEA does not validly abrogate the states' Eleventh Amendment immunity to suit by private individuals).

[19] All of the named individuals are Butts County DFCS employees.  Therefore, they qualify as state employees.  *Powell v. Dep't of Human Res.*, 918 F. Supp. 1575, 1578-79 (S.D. Ga. 1996), *aff'd* 114 F.3d 1074 (11th Cir. 1997) (recognizing that the DFCS is a state agency that is established in each county merely for administrative convenience).

[20] To the extent Plaintiff intends to name these Defendants in their individual capacities, they cannot be held liable under the ADEA.  *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007).

exhaust her administrative remedies before filing a Title VII claim in federal court.[21]
The same standard applies to ADEA claims.[22]  "The first step down this path is filing a
timely charge of discrimination with the EEOC."[23]  Although Plaintiff alleges that she
"timely filed a charge of discrimination," the Charge attached to the instant Motion
suggests otherwise.[24]  Therein, Plaintiff asserts that she was unlawfully terminated
March 3, 2010.  She filed her Charge on February 8, 2011, exactly 342 days later and well
beyond the permitted filing period.[25]  "[W]hen the exhibits contradict the general and
conclusory allegations of the pleading, the exhibits govern."[26]  Thus, the dates in the
Charge control, and the Court finds that Plaintiff did not file a timely charge with the
EEOC.

Liberally construing Plaintiff's *pro se* pleadings, the Court has independently
examined Plaintiff's EEOC Intake Questionnaire to determine whether it constitutes a
timely charge for purposes of the filing period.[27]  It does not.  "[A]s a general matter an

---

[21] *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).

[22] *Bost v. Federal Express Corporation*, 372 F.3d 1233, 1238 (11th Cir. 2004).

[23] *Wilkerson*, 270 F.3d at 1317.

[24] *Compare* Amended Complaint [Doc. 17 at 1] *with* EEOC Charge of Discrimination [Doc. 17-1 at 8].

[25] *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (180-day filing period).  Plaintiff alleges that, as a Georgia employee, she had 300 days to file a charge with the EEOC rather than 180.  While Plaintiff does not provide a legal basis for this 300-day period, the Court acknowledges that the EEOC website for the Atlanta District Office supports her allegation.  *See* EEOC, Atlanta District Office, *Timeliness*, (last visited Oct. 31, 2013), www.eeoc.gov/field/ atlanta/timeliness.cfm.  However, the Court need not resolve this discrepancy; Plaintiff filed her Charge well beyond either period.

[26] *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

[27] *See, e.g. Wilkerson*, 270 F.3d at 1321.

intake questionnaire is not intended to function as a charge."[28]   However, the Eleventh Circuit has concluded that a verified intake questionnaire with certain basic information may constitute a charge "when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process" by submitting her intake questionnaire.[29]   There is no evidence Plaintiff intended to activate the administrate process by filing her Intake Questionnaire with the EEOC.  In fact, her actions suggest the exact opposite.

The Questionnaire specifically directed Plaintiff to "check Box 2" if she "want[ed] to file a charge."[30]   Plaintiff selected "Box 1," which states "I want to talk with to an EEOC employee before deciding whether to file a charge.  I understand that by checking this box, I have not filed a charge with the EEOC.  I also understand that I could lose my rights if I do not file a charge in time."[31]   Plaintiff filed a separate Charge of Discrimination on February 8, 2011, further demonstrating that she did not intend her Intake Questionnaire to serve as a charge.[32]   Finally, there is no evidence the EEOC made any misleading representations to Plaintiff or Defendants that would suggest Plaintiff's Intake Questionnaire was a charge.   Thus, all of Plaintiff's discrimination claims are due to be **DISMISSED** as untimely.

For foregoing reasons, Plaintiff's Motion to Amend [Doc. 17] is **DENIED** as

---

[28] *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1307 (11th Cir. 2001).
[29] *Wilkerson*, 270 F.3d at 1321.
[30] Intake Questionnaire [Doc. 17-1 at 8].
[31] *Id.*
[32] *See, e.g., Bost*, 372 F.3d at 1241.

futile, and Plaintiff's case is hereby **DISMISSED**.

      **SO ORDERED**, this 7th day of November, 2013.

<div style="margin-left: 40%;">

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

</div>

BBP